UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCOTT KELLY HANSEN, pro se, | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) Cr. Nos. 98-53, 98-79, 98-86, |
| UNITED STATES OF AMERICA, | ) 98-87, 98-109, 99-41, ) 99-50, 99-76 |
| Respondents. | ) ) |

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is pro se Petitioner Scott Kelly Hansen's Petition under 28 U.S.C. § 2255 ("Petition").[1] Petitioner alleges that he was previously sentenced by this Court to a term of approximately fourteen years of imprisonment and three years of supervised release. After completing the term of imprisonment, but before completing the period of supervised release, Petitioner was taken into the custody of the State of Ohio. Petitioner explains that Ohio took him into custody because Petitioner had been previously convicted of receiving stolen property in Ohio and the Ohio Adult Parole Authority and Department of Rehabilitation determined that Petitioner's

---

[1] (Cr. No. 98-109, ECF No. 28). Petitioner filed copies of his petition in eight different cases (Cr. Nos. 98-53, 98-79, 98-86, 98-87, 98-109, 99-41, 99-50, and 99-76). The Government filed a response in one case. (Cr. No. 98-109, ECF No. 29). The Court considers the Government's response as a response to all of Petitioner's identical petitions and provides this omnibus ruling.

federal convictions were violations of his conditions of release under Ohio law. (Pet. 4, ECF No. 28.) Petitioner now argues that his incarceration in Ohio constitutes a violation of the plea agreement accepted in this Court because the period of incarceration in Ohio is based, in part, on Petitioner's federal crimes.

Petitioner's claim fails on its face. In order to seek relief under 28 U.S.C. § 2255 Petitioner must be "[a] prisoner in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). By his own admission, however, Petitioner is in the custody of the State of Ohio, not the federal government. The Court therefore has no power to grant the relief sought by petitioner under 28 U.S.C. § 2255. In addition, Plaintiff fails to explain how this Court's acceptance of a plea agreement based on Petitioner's violation of federal law restricts the ability of the Ohio Adult Parole Authority and Department of Rehabilitation to enforce Ohio law.

The Petition (ECF No. 28) is DENIED.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date: April 13, 2017